IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-MJ-306-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MIGUEL ANGEL GARCIA MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** pursuant to Federal Rule of Criminal Procedure 5.1, following Defendant's arrest for allegedly violating 18 U.S.C. § 111(a) and (b). This written order follows Defendant's preliminary hearing held on November 20, 2025. Having carefully considered the arguments of counsel and the record, the undersigned finds <u>there is probable cause for one of the offenses</u>.

## I. PROCEDURAL BACKGROUND

On November 16, 2025, Defendant was detained by Federal Officers of Immigration and Customs Enforcement ("**ICE**") and Federal Officers of the United States Customs and Border Patrol ("**CBP**"). (ECF Entry, Nov. 16, 2025). On November 17, 2025, the undersigned signed the Criminal Complaint charging Defendant with violations of 18 U.S.C. § 111(a) and (b), supported by an Affidavit submitted by Federal Bureau of Investigation ("**FBI**") Special Agent Anthony Hourihan. (Document Nos. 1, 1-1). Specifically, the Complaint charges Defendant with "Felony Assault, Resist, and Impede a Federal Officer, a violation of Title 18, U.S.C. Section 111(a)(1) & (b)." (Document No. 1). On November 17, 2025, Defendant had his initial appearance, the Court approved appointment of counsel, the Government moved for Defendant's

1

detention, and Defendant was detained pending his detention hearing. (Minute Entry, Nov. 17, 2025).

On November 20, 2025, Defendant had his preliminary hearing and detention hearing. (Minute Entry, Nov. 20, 2025). At the detention hearing, the Court released Defendant on conditions. (Minute Entry, Nov. 20, 2025; Document Nos. 8–9). At the preliminary hearing, the Court took the issue of probable cause under advisement. (Minute Entry, Nov. 20, 2025).

## II. FACTUAL BACKGROUND

At the preliminary hearing, the Government called Special Agent Felix Manuel Del Toro ("**the Agent**") as a witness. The Agent is an FBI field office employee in Charlotte. The Agent testified about the events on November 16, 2025, that led to the current charges against Defendant. The Government also played a video a CBP agent recorded from his cellphone, which shows a portion of the events on November 16, 2025 ("**the video**").

A group of CBP agents first encountered Defendant, who was driving a white van ("**the van**"), at a United States Postal Service parking lot ("**the USPS lot**"). Defendant went to the USPS lot to photograph what the CBP agents were doing and to post the photographs on social media. At the USPS lot, while Defendant was outside the van taking photographs, the CBP agents interacted with him and asked him what he was doing. Defendant saw the CBP agent's uniforms and knew they were federal officers. In response, Defendant got in the van and left.

Next, a group of CBP agents encountered Defendant at a nearby bowling alley parking lot. Defendant accidentally happened upon the CBP agents at the bowling alley parking lot, and Defendant again took photographs for social media. Finally, a group of CBP agents next encountered Defendant at the parking lot for Pull-A-Part Charlotte ("**the final lot**"). At the final lot, Defendant circled the CBP agents in the van and again took photographs for social media.

At the final lot, the CBP agents intended to stop Defendant and warn him he was impeding their work. To speak with Defendant, the CBP agents tried to block the van in, approached the van, pounded on one of the van's windows, and tried to open one of the van's doors. Defendant then drove away. The group of CBP agents from the final lot followed Defendant in order to do a traffic stop, and they also radioed a call of their plan. A group of four CBP agents ("**the group**") heard the call about the plan to do a traffic stop, began following Defendant, and a member of the group began recording the video.

The video begins and shows Defendant weaving in and out of traffic, attempting to evade the CBP agents. Eventually, outside an entrance to the University of North Carolina at Charlotte, Defendant drove across a grassy median to the wrong side of the road and into oncoming traffic. The video captures the group speaking and yelling. The group, in trying to stop Defendant, expressed both an intention to block and pin the van and to hit the van. The group also expressed concern for the other drivers on the road because of Defendant's driving.

Later in the video, when Defendant was still on the wrong side of the road, the lane he was driving in was about to run out. The group attempted to "pin" Defendant in that lane, and the video shows the driver of the group turn his vehicle left toward Defendant's vehicle, seemingly to block the van in. Defendant then tried to drive between the group's vehicle and other vehicles on the road. The van and the front of the group's vehicle collided. Then, Defendant continued driving, went back to the correct side of the road, and eventually another group of CBP agents pinned Defendant. CBP agents smashed Defendant's van window and removed Defendant from the van. Defendant was then detained, and this instant prosecution was initiated against him.

### III.  STANDARD OF REVIEW

"Probable cause is an objective standard that is met when the facts and circumstances would lead a reasonable and prudent person to believe a defendant has engaged in the alleged criminal activity."  United States v. McNeil, No. 3:18-CR-045, 2023 WL 3959926, at *3 (W.D.N.C. June 9, 2023).  "Facts and circumstances establishing probable cause are not the same [as] the evidence required to establish guilt beyond a reasonable doubt or even meet the standard of a preponderance of the evidence."  Id.  "Instead, probable cause is a determination of probability based on totality of circumstance."  Id.  "[P]robable cause is a fluid concept–turning on the assessment of probabilities in particular factual contexts . . . ."  Illinois v. Gates, 462 U.S. 213, 232 (1983).

"The exclusive purpose of a preliminary hearing is to permit a determination of probable cause."  United States v. Smith, 22 F. App'x 137, 138 (4th Cir. 2001) (per curiam).  "A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial."  Barber v. Page, 390 U.S. 719, 725 (1968).  At a preliminary hearing for probable cause, the government may proceed by proffer or hearsay.  United States v. Vane, 117 F.4th 244, 251 (4th Cir. 2024).  "If the magistrate judge finds no probable cause to believe an offense has been committed or the defendant committed it, the magistrate judge must dismiss the complaint and discharge the defendant."  Fed. R. Crim. P. 5.1(f).

### IV.  DISCUSSION

Here, at this stage of the case, the only question before the Court is whether there is probable cause to believe Defendant violated 18 U.S.C. § 111(a) and (b).

4

A person cannot "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with [any officer or employee of the United States or of any agency in any branch of the United States Government] while engaged in or on account of the performance of official duties . . . ." 18 U.S.C. § 111(a). The purpose of 18 U.S.C. § 111(a) is not only to protect federal officers, but also to "'deter interference with federal law enforcement activities' and ensure the integrity of federal operations by punishing obstruction and other forms of resistance." United States v. Williams, 602 F.3d 313, 317 (5th Cir. 2010) (citing United States v. Feola, 420 U.S. 671, 678 (1975)). Anyone who commits any of the six acts under § 111(a) falls under the statute. United States v. Briley, 770 F.3d 267, 274 (4th Cir. 2014) (finding specifically that courts must "ascribe meaning to the five remaining verbs" in § 111(a)).

"Force is a necessary element of any § 111 violation. However, that element may be satisfied by proof of actual physical contact, or by proof of 'such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.'" United States v. Schrader, 10 F.3d 1345, 1348 (8th Cir. 1993) (citing United States v. Walker, 835 F.2d 983, 987 (2d Cir. 1987)). When a statute's language is not challenged and not ambiguous, the Fourth Circuit uses the plain meaning of the words in the statute. United States v. Murphy, 35 F.3d 143, 145 (4th Cir. 1994).

"If a person 'uses a deadly or dangerous weapon' or 'inflicts bodily injury' while performing any of the prohibited acts specified in § 111(a)(1), then the statutory penalty is enhanced." United States v. Carr, 853 F. App'x 834, 834 n. 1 (4th Cir. 2021) (per curiam). "[A] violation of § 111(a) is a lesser-included offense of that set forth in § 111(b) . . . ." United States v. Johnson, 126 F.4th 1000, 1005 (4th Cir. 2025). "A car or truck may be used as a deadly or dangerous weapon." United States v. Yates, 304 F.3d 818, 823 (8th Cir. 2002). However,

5

"[w]hether a weapon is dangerous is not to be based 'on the object's intrinsic character but on its capacity, given the manner of its use.'" United States v. McDaniel, 85 F.4th 176, 188 (4th Cir. 2023) (citing United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995)).

Here, the Court finds there is probable cause to believe Defendant forcibly interfered with the CBP agents while they were in engaged in the performance of their official duties. To start, Defendant circled the CBP agents in the van at the final lot. Then, a vehicular chase between the van and CBP agents commenced, which at one point, included Defendant driving across a median and proceeding the wrong way on a major thoroughfare into oncoming traffic. Finally, the vehicular chase resulted in a collision between the van and the group's vehicle. Given the totality of these circumstances, and the limited question before the Court at this stage, the Court finds that Defendant's circling of the CBP agents, the subsequent vehicular chase, and the danger posed by Defendant's driving support a finding of probable cause that Defendant forcibly interfered with the performance of the CBP agents' official duties. Therefore, the Court determines there is probable cause to believe Defendant violated 18 U.S.C. § 111(a).

However, the Court does not find there is probable cause to believe Defendant used a deadly or dangerous weapon in this interference. While a vehicle may be used as a deadly weapon, considering the manner in which Defendant used the van, and considering the Agent's testimony and the video, the Court is not persuaded there is probable cause to support use of a deadly or dangerous weapon to interfere with the CBP agents' performance of their official duties. Therefore, the Court finds there is not probable cause to believe Defendant violated 18 U.S.C. § 111(b).

Finally, the Court respectfully acknowledges Defendant's other arguments from the preliminary hearing. Defendant's counsel spent considerable time focusing on the alleged

infringement of Defendant's First Amendment rights and the alleged misconduct of ICE and CBP agents. At this stage, those matters are not properly before the Court; the question for the Court at this moment is probable cause. The Court makes no finding here regarding the basis for future litigation regarding Defendant's First Amendment rights, or Defendant's future motions practice in this criminal matter.

## V.  CONCLUSION

The Court finds there is probable cause to believe Defendant committed the charged violation under 18 U.S.C. § 111(a). The Court finds there is not probable cause to believe Defendant committed the charged violation under 18 U.S.C. § 111(b).

**IT IS, THEREFORE, ORDERED** that the offense in the Criminal Complaint (Document No. 1) under 18 U.S.C. § 111(b) be **DISMISSED**.

**SO ORDERED**.

Signed: November 26, 2025

David C. Keesler
United States Magistrate Judge