IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-MJ-306-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MIGUEL ANGEL GARCIA MARTINEZ | ) | |
| | ) | |

**THIS MATTER** is before the Court on the parties' "Joint Motion to Continue Indictment Deadline ("Joint Motion," Document No. 14), which requests that the deadline by which an indictment must be filed in this case be extended until January 21, 2026.

On November 17, 2025, a criminal complaint (Document No. 1) was filed charging Defendant with Felony Assault, Resist, and Impede a Federal Officer, in violation of 18 U.S.C. § 111(a) & (b). Defendant was arrested on November 16, 2025. On November 17, 2025, Defendant made his initial appearance in the United States District Court for the Western District of North Carolina. Attorney John Parke Davis was appointed to represent Defendant in this matter, Defendant requested a preliminary hearing, and the United States moved to detain.

On November 20, 2025, Defendant had his preliminary hearing and detention hearing. At the detention hearing, Defendant was released on bond conditions. (Document Nos. 8, 9). On November 26, 2025, the Court found probable cause existed to support the charged violation under 18 U.S.C. § 111(a). (Document No. 12). The Court did not find probable cause to believe Defendant committed the charged violation under 18 U.S.C. § 111(b) and dismissed that charge. (Id.)

On December 8, 2025, the Joint Motion was filed requesting that the Court continue the deadline by which an indictment must be filed in this case until January 21, 2026. (Document No.

1

14). The Joint Motion also attached "Defendant's Speedy Trial and Indictment Waiver," which is signed by both Defendant and his counsel. (Document No. 14-1). Defendant's Speedy Trial and Indictment Waiver states, among other things, "with advice and consent of counsel, the undersigned Defendant knowingly and voluntarily waives the right to both the constitutional and statutory right to a Speedy Trial and to being charged by indictment, all for a period of forty-seven (47) days from the date of this waiver, and agrees that the United States does not need to obtain an indictment against the Defendant until the January 2024 Charlotte Grand Jury proceedings, commencing on January 21, 2026." (Id.)

Pursuant to 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

The statute excludes the following from the time within which an indictment must be filed:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). In considering whether to grant a continuance under § 3161(h)(7)(A), the Court must consider, among others, the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that

it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Here, the Government and Defendant have jointly requested the continuance. Defendant, through appointed counsel, indicates "additional time" is needed "to discuss the merits of this case" and for the United States to share discovery with defense counsel, which "may be helpful in reaching a pre-indictment resolution in this case." (Document No. 14 ¶ 6). Defendant also made the decision to jointly request a continuance of the indictment deadline "knowingly and voluntarily" and with the "advice and consent of counsel." (Document No. 14-1). Considering all of this, the Court finds that Defendant's stated reason for the Joint Motion would allow him reasonable time for effective preparation and the ends of justice would be served by permitting Defendant time to continue to explore a pre-indictment plea agreement. For these reasons, there is cause for the motion, and the requested continuance is warranted.

Accordingly, based on the record, the Joint Motion, and applicable authority, including but not limited to the factors in 18 U.S.C. § 3161(h)(7)(B), the Court finds and concludes pursuant to 18 U.S.C. § 3161(h)(7)(A) that the ends of justice served by extending the deadline for the United States to file a bill of indictment outweigh the best interests of the public and Defendant in a speedy

trial, and that this delay should be excluded from Speedy Trial Act computations. <u>United States v. Keita</u>, 742 F.3d 184, 188 (4th Cir. 2014) (excluding from thirty days the periods of two continuances granted by district court on joint request, where the continuances "specifically found that the on-going grand jury investigation and plea discussions warranted the continuances and that the resulting periods of delay served the ends of justice."); <u>United States v. Boone</u>, 2020 WL 1164688, at *1 (W.D.N.C. Mar. 9, 2020) (granting joint motion to enlarge charging period under the Speedy Trial Act where then ends of justice were served).

**IT IS THEREFORE ORDERED** that the Joint Motion to Continue Indictment Deadline (Document No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that the deadline for the Government to file a bill of indictment in this matter shall be continued until **January 21, 2026**.

**SO ORDERED**.

Signed: December 8, 2025

David C. Keesler
United States Magistrate Judge